IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS R. MILLER, | § | |
| | § | No. 125, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 92S05488DI (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: July 28, 2023
Decided: October 23, 2023

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we affirm the Superior Court's denial of the appellant's sixth motion for postconviction relief. The appellant cannot avail himself of the "actual innocence" exception to the procedural bars of Superior Court Criminal Rule 61 because his claims of prosecutorial misconduct and ineffective assistance of counsel[1] do not constitute new evidence of his actual innocence.[2] And,

---

[1] Although the appellant articulates slightly different arguments on appeal than he raised below, they all concern the manner in which defense counsel and the prosecution addressed the admissibility of the victim's rape kit, the contents of which the appellant claims would exonerate him. Notably, the appellant cites the trial transcript in support of these claims of "new" evidence.

[2] *See* Del. Super. Ct. Crim. R. 61(d)(2) (providing that a second or subsequent motion for postconviction relief must be summarily dismissed unless the movant was convicted after a trial and pleads with particularity (i) new evidence of actual innocence or (ii) that a new rule of

contrary to the appellant's argument on appeal, there is no longer a "miscarriage of justice" exception to Rule 61's procedural bars.[3] Finally, the Court has previously warned the appellant that if he continues to file appeals from the Superior Court's denial of repetitive claims, he will be enjoined from filing further appeals without leave of the Court.[4] We reiterate that admonition here.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Abigail M. LeGrow
Justice

---

constitutional law, made retroactive to cases on collateral review, applies to the movant's case and renders the conviction invalid).

[3] For the first time on appeal, the appellant claims that he is entitled to relief from his criminal convictions under Superior Court Civil Rule 60(b). He is not. Rule 61 provides the exclusive means by which a defendant can seek collateral review of his convictions. Del. Super. Ct. Crim. R. 61(a)(2).

[4] *Miller v. State*, 2018 WL 3006123, at *1 (Del. June 14, 2018).